RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY_____
               DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY | : | DOCKET NO. 2:09 CV 01987 |
| VS. | : | JUDGE MINALDI |
| ROBYN DAVIS, ET UX | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 6] filed by the defendant, Robyn Little Davis ("Ms. Davis"). The motion is opposed [doc. 11] by the plaintiff, Southern Farm Bureau Life Insurance Company ("Farm Bureau"). For the reasons stated herein, the Motion to Dismiss will be denied.

Facts

The plaintiff, Farm Bureau, filed this interpleader action naming as defendant, Ms. Davis and the unopened succession of her husband, Mr. Davis. At issue is a life insurance policy with a face value of $95,000.00 insuring the life of Mr. Davis.

The named beneficiary of the policy, Ms. Davis, has been arrested and charged with killing Mr. Davis. Pursuant to Louisiana law, a beneficiary of the life insurance policy cannot recover proceeds if she is deemed to have been criminally responsible for the death, disablement, or injury of the insured, or judicially determined to have participated in the intentional, unjustified killing of the insured. If a primary beneficiary is disqualified to receive the benefits of the policy and there is no contingent beneficiary, the life insurance proceeds are to be paid to the estate of the insured. La.

R.S. 22:901.

## Law

Ms. Davis asserts that pursuant to 28 U.S.C.A. §1335, there must be complete diversity between the defendant claimants, not between the stake holder (Farm Bureau) and the defendants. Farm Bureau asserts that the original complaint set forth, although, it did not specifically plead, general diversity jurisdiction as the basis for jurisdiction, as there was diversity between the plaintiff and the defendants, and an excess of $75,000 in controversy. The amended complaint specifically pleads general diversity as the basis for jurisdiction.[1]

In any case in federal court, federal subject matter jurisdiction must be present before the court may properly consider the claim. *Cf. Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). Plaintiff initiated this interpleader action in order to fulfill its obligations under the insurance policy insuring the life of Mr. Davis and to be discharged from any future actions involving the policy. The concept of interpleader is that, where two or more persons are engaged in a dispute over some property, and the subject of that dispute is in the hands of a third party who is willing to give up the property, the third person is not obliged to incur the expense and risk of defending the action. Rather, the third party may give up the property and be relieved from further actions concerning the matter, leaving the court to resolve the dispute between the persons claiming an interest in the disputed property. *Cf.* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ.3d. § 1701, at 534; *Selective Ins. Co. of America v. Norris*, 209 F.Supp.2d 580, 581 -582 (E.D.N.C., 2002).

---

[1] ¶2 of the amended complaint states that this court has juridiction under the provisions of 28 U.S.C. §1332 and/or 28 U.S.C. §1335.

In the instant case, the plaintiff is the third party willing to give up the subject of the dispute, namely the $ 95,000 insurance policy amount[2]. The defendants are those persons with a presumed interest in the property held by the plaintiff. Through this interpleader action, the plaintiff is surrendering the value of the policy to the court in order to be relieved of all its obligations under the policy.

To determine whether there is jurisdiction, this court must examine the two central interpleader provisions, statutory interpleader, 28 U.S.C. § 1335, and rule interpleader, Fed.R.Civ.P. 22. While the concept of interpleader under both statutory and rule interpleader is similar, their jurisdictional differences are significant. "The central distinction between statutory interpleader and rule interpleader is the basis for a federal court's subject matter jurisdiction under each." *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 584 (D.C.Cir.1993).

Statutory interpleader under 28 U.S.C. § 1335 confers on federal courts jurisdiction over certain interpleader claims. § 1335 declares that "district courts shall have original jurisdiction of any civil action of interpleader," as long as the amount in controversy equals $500 or more and the *claimants* are at least minimally diverse. 28 U.S.C. § 1335(a). In other words, assuming the requisite jurisdictional amount is met, statutory interpleader still requires that two or more of the adverse claimants to a contested fund be "of diverse citizenship as defined in section 1332 of this title." 28 U.S.C. § 1335(a)(1); *Selective Ins. Co. of America v. Norris,*  209 F.Supp.2d 580, 581 -582 (E.D.N.C., 2002); *Commercial Union Ins. Co.,* 999 F.2d at 584; *see also Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1381 (9th Cir.1988). In the present case, although the amount in controversy exceeds $500, there is no diversity between the defendant

---

[2] $76,276.29 after funeral expenses were paid.

claimants.  Therefore, there is no jurisdiction under statutory interpleader.

Rule interpleader is a procedural device that does not alone confer federal jurisdiction over a claim. An interpleader brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction. This may include diversity jurisdiction, provided that the complete diversity and amount in controversy requirements are met. *Leimbach v. Allen,* 976 F.2d 912, 917 (4th Cir.1992); *Travelers Insurance Company v. Harville,* 622 F.Supp. 68 (S.D. Al. 1985); *Travelers Insurance Comapny v. Nguyen,* 1994 WL 127753 (N.D. Ill. 1994); *Allstate Insurance Company v. Young,* 923 F.Supp. 1559 (S.D. Georgia 1996); *Georgia Savings Bank and Trust Comapny v. Sims,* 321 F.Supp. 307 (N.D. Ga. 1971).   In the instant case, the amount in controversy is over $75,000.00, and there is diversity between the plaintiff and the defendants.   Because the requirements for general diversity jurisdiction are satisfied, the court has jurisdiction over plaintiff's interpleader action under Rule 22.

Lake Charles, Louisiana, this 26 day of  March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE