RECEIVED
IN LAKE CHARLES, LA.
DEC -5 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, | * CIVIL ACTION NO. 2:09-cv-1987 |
| Plaintiff, | * |
| v. | * JUDGE MINALDI |
| ROBYN LITTLE DAVIS, ET AL., | * |
| Defendants. | * MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 70], filed by Darla Brienne Davis, Theresa Michelle Vicknair, and on behalf of Bailey G. Davis, Danielle Brook Davis, Katherine Davis, and Douglas Lee Davis ("secondary beneficiaries"), to which Robyn Little Davis has filed no opposition. For the following reasons, the secondary beneficiaries' motion [Doc. 70] is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

William Brian Davis, the insured, was murdered in July 2009, and Robyn Little Davis was found guilty of his murder.[1] A life insurance policy (policy number 017633223) valued at $95,000.00 had been issued to William Brian Davis on October 19, 1994.[2] Robyn Little Davis was listed as the primary beneficiary of that policy, and there is no contingent beneficiary under that policy.[3] Southern Farm Life Insurance Company deposited $76,276.29, the remaining proceeds of the life insurance policy, into the registry of the court on January 20, 2010.[4]

---

[1] Mem. in Supp. of Mot. for Summ. J. [Doc. 70-1], at 1. This conviction was appealed to and subsequently upheld by the Louisiana Third Circuity Court of Appeal. *Id.* The Louisiana Supreme Court then denied writs. *Id.*
[2] *Id.*
[3] *Id.*
[4] *Id.* at 2.

1

Another life insurance policy (LF-1901-0603) with a face value of $100,000.00 was issued by State Farm Life Insurance Company on July 5, 2001, to William Brian Davis.[5] Mr. Davis was the insured, and the primary beneficiary was listed as Robyn Little, now known as Robyn Little Davis.[6] Katherine Davis, the mother of William Brian Davis, was added as a successor beneficiary on March 25, 2005.[7]

A third life insurance policy (LF-2218-0712) in the amount of $250,000.00 was issued by State Farm Life Insurance Company on March, 25 2005, to William Brian Davis.[8] The insured was Mr. Davis; the primary beneficiary listed was Robyn Little Davis, and the successor beneficiary listed was Katherine Davis.[9] State Farm Life Insurance Company deposited $357,837.68, the proceeds of the two policies it issued to Mr. Davis, into the registry of the court on March 19, 2010.[10]

Finally, Prudential Insurance Company of America issued a life insurance policy (G-41571) to William Brian Davis, naming Robyn Little Davis as the primary beneficiary.[11] No secondary beneficiaries were named.[12] In accordance with the plan, the amount payable under the plan where there is no beneficiary at the time of the decedent's death would be payable to the first of the following: (a) surviving spouse; (b) surviving children in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) the estate.[13] Prudential

---

[5] Mem. in Supp. of Mot. for Summ. J. [Doc. 70-2], at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Mem. in Supp. of Mot. for Summ. J. [Doc. 70-2], at 2.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 3.

Insurance Company deposited the sum of $200,000 into the registry of the court on May 23, 2011.[14]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.,* No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.,* 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.,* No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004)).

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities),* 757 F.2d 698, 709 (5th Cir. 1985)). However, when faced with an absence of proof, there is no assumption made that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)). Moreover, the Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of

---

[14] *Id.*

the motion, unless controverted as required by this rule." Unif. Loc. R. La. LR 56.2. Therefore, all facts presented by the secondary beneficiaries are deemed admitted.

Under Louisiana Revised Statute 22:901 (D)(1)(a), no beneficiary "shall receive from the insurer any benefits thereunder accruing upon the death . . . of the individual insured when said beneficiary . . . is [h]eld by a final judgment of a court of competent jurisdiction to be criminally responsible for the death" of the individual insured. Robyn Little Davis, the primary beneficiary on the subject life insurance policies, was convicted of the second degree murder of William Brian Davis.[15] Therefore, Robyn Little Davis is not entitled to any part of the decedent's insurance policies.

Louisiana Revised Statute 22:901 (D)(2) provides that when a primary beneficiary is disqualified, the policy is payable to the secondary or contingent beneficiary . . . , or, if no secondary or contingent beneficiary exists, to the estate of the insured." Therefore, the proceeds from the Southern Farm Bureau Life Insurance policy are payable to the estate of William Bryan Davis, as no secondary or contingent beneficiary was provided for that policy. Douglas Lee Davis is the Administrator of the Succession of William Brian Davis, and he is thus entitled to receive $76,276.29, the remaining proceeds of the life insurance policy issued to William Brian Davis by Southern Farm Bureau Life Insurance.

The proceeds of the State Farm Life Insurance Company policies to William Brian Davis total $357,837.68. Robyn Little Davis was listed as the primary beneficiary and is disqualified from taking any of the proceeds. Katherine Davis is listed on the successor beneficiary on both policies. Accordingly, Katherine Davis is entitled to $357,837.68, the proceeds from the State Farm Life Insurance Company policies.

---

[15] Mem. in Supp. of Mot. for Summ. J. [Doc. 70-1], at 1.

4

In accordance with the terms of the Prudential Life Insurance Company of America Policy issued to William Brian Davis, the proceeds are payable in equal shares to his surviving children. William Brian Davis had four children: Douglas Lee Davis, Danielle Davis, Darla Davis, and Bailey G. Davis.[16] All children have attained the age of majority except for Bailey G. Davis, who is being represented in this matter by her mother, Theresa Michelle Vicknair.[17] Because the children are entitled to the proceeds of the $200,000 policy in equal shares, each child is to receive $50,000. Accordingly,

**IT IS ORDERED** that the secondary beneficiaries' Motion for Summary Judgment [Doc. 70] be and hereby is **GRANTED**.

Lake Charles, Louisiana, this 4 day of Dec, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 5.
[17] *Id.*